IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THOMAS RONK                              )))
340 West 47th Street, 1D          )))
New York, NY 10036                       )))
                                         \\\

                Plaintiff,

     v.

CONDOLEEZZA RICE
SECRETARY OF STATE
U.S. DEPARTMENT OF STATE
    2201 C Street NW
Washington, DC  20520

                Defendant.

Case: 1:07-cv-01662
Assigned To : Kennedy, Henry H.
Assign. Date : 9/20/2007
Description: EMPLOY DISCRIM.

JURY ACTION

---

**COMPLAINT FOR RELIEF
FROM DISCRIMINATION IN EMPLOYMENT**

Jurisdiction

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §§ 2000e et seq., seeking damages and other relief for discrimination in employment

based on sex, subjected to a hostile work environment, denied future employment and for

retaliation for opposing defendant's discriminatory practices.  This Court has jurisdiction under

42 U.S.C. §§ 2000e-5(f)(3) and 2000e-16(c).  Venue lies in the District under 42 U.S.C.

§§ 2000e-5(f)(3).

Parties

2.      Plaintiff Thomas Ronk is a citizen of the United States and is a male.  Between

2003 and 2005, Plaintiff was employed under two ten-month contracts with the Department of

State as a Senior English Language Fellow (EFL) in the Office of Public Affairs (OPA), Bureau

**RECEIVED**

AUG 3 0 2007

of Education (BE) and Cultural Affairs (ECA), U.S. Embassy Jakarta, Indonesia. His contracts finished in June 2005.

3.　　Mr. Damon Anderson (male), as Regional English Language Officer (RELO), under the U.S. Department of State, was the supervisor of the agency in which plaintiff served. Condoleezza Rice, Secretary of State, U.S. Department of State is sued as the head of the agency.

<div align="center">Facts</div>

4.　　In December 2004 plaintiff filed an administrative EEO complaint after his supervisor, Damon Anderson, continued to sexually harass and subject him to a hostile work environment. Mr. Anderson propositioned plaintiff to join him in his hotel room for sex in which plaintiff declined and during orientation meetings Mr. Anderson made unwelcome touches to plaintiff's thigh and while standing behind plaintiff's chair he pressed his lower body against plaintiff's back while holding plaintiff's shoulders. Additionally, Mr. Anderson, whose responsibility as the RELO made the final decision to renew English Language Fellows, threatened not to renew plaintiff unless plaintiff "communicated" better with him. Mr. Anderson took the plaintiff's rejections from personal to professional. The Department accepted Plaintiff's complaint of discrimination on February 24, 2005, filed as EEO Case No.: DOS-F-024-05.

5.　　Plaintiff filed an amendment and added additional claims on May 16, 2005 based on retaliation because of filing an EEO compliant. Damon Anderson failed to increase plaintiff's living allowance to reflect the higher costs of the city, Surabaya, along with blocking and/or interfering with plaintiff's programming. The agency refused to hire plaintiff and/or failed to fairly consider him for the Coordinator position for both the English Teaching Assistant (ETA) program in Indonesia and for the Coordinator position for the English Language Program. Additionally, the agency did not fund plaintiff to participate in programming/conferences (e.g., the LIA conference held in Jakarta) that were previously agreed upon before filing the EEO claim.

<div align="center">- 2 -</div>

6.    During the EEO investigation, plaintiff informed the EEO investigators, and Mr. John Allen Connerley, the Director of the Office of English Language Programs, and Mr. Charles Silver, Foreign Service Officer, who was assigned as plaintiff's immediate supervisor after the EEO claim was filed that Mr. Anderson continued to have a direct and/or indirect role in the plaintiff's program, and therefore continued to discriminate against the plaintiff even further. The plaintiff's allegations about Mr. Anderson's continued involvement in his programming were ignored. Mr. Charles Silver admitted that he had no reason to question Mr. Anderson's professionalism and would continue to defer to Mr. Anderson on matters related to the English Language Program. The agency's failure to address the plaintiff's concerns and provide a safe non-retaliatory and non-discriminatory work environment neglected and ignored the civil rights of the plaintiff.

<div style="text-align:center">

**COUNT ONE**
**SEX DISCRIMINATION**

</div>

7.    Paragraphs 1-6 are realleged.

8.    The supervisor, Damon Anderson, continually sexually harassed plaintiff constituted discrimination based on his sex in violation of Title VII. All prerequisites to suit on this claim have been satisfied.

<div style="text-align:center">

**COUNT TWO**
**RETALIATION**

</div>

9.    Paragraphs 1-8 are realleged.

10.    Damon Anderson failed to increase and/or provide plaintiff his usual operating budget, including a monthly living allowance stipend, and various programming funding, which constituted retaliation against plaintiff for engaging in protected EEO activity in violation of Title VII. All prerequisites to suit on this claim have been satisfied.

## COUNT THREE
## DENIED FUTURE EMPLOYMENT

11.     Paragraphs 1-10 are realleged.

12.     The agency did not fairly consider, and did not hire, Plaintiff for employment with the government agency, AMINEF, which constituted retaliation against plaintiff for engaging in protected EEO activity in violation of Title VII. All prerequisites to suit on this claim have been satisfied.

## COUNT FOUR
## RETALIATION

13.     Paragraphs 1-12 are realleged.

14.     Damon Anderson failed to provide plaintiff his usual operating budget, including travel funding for a conference held in Jakarta and various other programming items, which constituted retaliation against plaintiff for engaging in protected EEO activity in violation of Title VII. All prerequisites to suit on this claim have been satisfied.

WHEREFORE, plaintiff requests that this Court:

1) award him full unpaid living allowance and related benefits for this tenure in 2004-05;

2) award him retroactively full salary for ETA and/or ELF Coordinator positions;

3) award him compensatory damages in an amount to be proved at trial;

4) enjoin defendant from retaliating against him for pursuing this action or earlier EEO complaints;

5) award him costs and reasonable attorneys' fees;

6) award such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury.

Thomas J. Ronk                   Aug. 28, 2007

Thomas J. Ronk
340 West 47th Street, 1D
New York, NY 10036
917.346.8785

Plaintiff Pro Se

**From:** Slater, Gloria <SlaterG@state.gov>
**Subject:** **RE: Emailing: form 573**
**Date:** June 05, 2007 09:11:25 PM ICT
**To:** Thom Ronk
**Cc:** Norcom, Henry C <NorcomHC@state.gov>

Good morning Mr. Ronk
You can work from the date you received the Supplemental ROI, June 4, 2007.

*Revised FAD date*

**From:** Thom Ronk [mailto:thomronk@mac.com]

**Sent:** Monday, June 04, 2007 10:19 AM

**To:** Slater, Gloria

**Cc:** Norcom, Henry C

**Subject:** Re: Emailing: form 573

Dear Ms. Slater,

I received the SROI today. Thank you.

Please confirm the date in which I am working from for filing the appeal to the EEOC.

Thomas Ronk

On 31 May 2007, at 1:57 AM, Slater, Gloria wrote:

Mr. Ronk
The Supplemental ROI has been mailed (via DHL) today, the tracking number is 7703183622.

**From:** Thom Ronk [mailto:thomronk@mac.com]

**Sent:** Tuesday, May 29, 2007 9:02 PM

**To:** Norcom, Henry C

**Cc:** Slater, Gloria

**Subject:** Re: Emailing: form 573

Dear Mr. Henry Norcom,

I do not have original copies of the Supplemental Report of Investigation (SROI) that was collected after the ROI and were given to the FAD writer. Apparently, it was sent to Istanbul the beginning of summer last year, but it never arrived before I left in August. One of the reasons I began requesting a tracking number to be sent to me thereafter so that I could 1) verify it was actually sent and 2) to ensure it arrived.

I need to know what exactly was given in the SROI, because there seems to be numerous statements and additions that I sent through e-mail to Ms. Slater and Ms. Cunningham that were neglected to be submitted as evidence/support to the claims.


Thanks. Thomas Ronk


On 29 May 2007, at 8:29 PM, Norcom, Henry C wrote:


Mr. Ronk, please clarify what you mean by additional declarations. Other than the FAD and appeal form, there are no other declarations provided. You are already in possession of the ROI correct? As such, it is your responsibility to provide these documents to your representative.


Please clarify as soon as possible. Thanks.


Henry Norcom


-----Original Message-----
From: Thom Ronk [mailto:thomronk@mac.com]
Sent: Sunday, May 27, 2007 9:44 PM
To: Slater, Gloria
Cc: Norcom, Henry C
Subject: Re: Emailing: form 573


Dear Ms. Slater,


Thanks.


Only the FAD was sent to me. The additional declarations and documents provided to the FAD were not included in the package. Please send me ALL the documentation that was supplied to the FAD writer to my address in Bali, Indonesia.


Also, in a week or so I will ask you to submit ALL the materials (e.g., ROI, FAD, e-mails, etc.) to an attorney who will represent me during the appeal process and the civil suit. I will keep you informed.


Thanks.


Thomas Ronk

On 25 May 2007, at 9:19 PM, Slater, Gloria wrote:


Please feel free to do so.


-----Original Message-----
From: Thom Ronk [mailto:thomronk@mac.com]
Sent: Thursday, May 24, 2007 8:11 PM
To: Slater, Gloria
Cc: Norcom, Henry C
Subject: Re: Emailing: form 573


Ms. Slater,


Thanks. This is a much better copy.


If I have any questions about completing the form, I will send them to
you.


Thomas Ronk


On 24 May 2007, at 8:33 PM, Slater, Gloria wrote:


Mr. Ronk
I am sending a much better copy of the Form 573.  The answer to your
question is, the date of the FAD will be modified to reflect the
arrival of the new Form 573.  I will note our records to reflect the
change.


If I can be of further assistance please do not hesitate to contact
me.


-----Original Message-----
From: Thom Ronk [mailto:thomronk@mac.com]
Sent: Wednesday, May 23, 2007 8:50 PM
To: Slater, Gloria
Cc: Norcom, Henry C
Subject: Re: Emailing: form 573


Dear Ms. Slater,

Thanks for sending the 573 form. Unfortunately, the copy is not legible.
Either please rescan, ensuring the copy is readable or send via DHL/FedEx. If you send express, will the date of the FAD being modified to reflect the arrival of the 573? What will the date be that

I have to follow the 30-day rule for appealing? I received the FAD yesterday, May 24th. Is that the date?

Thanks. Thomas Ronk

On 23 May 2007, at 9:20 PM, Slater, Gloria wrote:

<<form 573.pdf>>
The message is ready to be sent with the following file or link attachments:

form 573

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments.
Check your e-mail security settings to determine how attachments are handled.

**United States Department of State**

*Office of Civil Rights*

*Washington, D.C. 20520-7528*

May 18, 2007

*Revised to*
*June 4, 2007*
*See email*

Mr. Thomas Ronk
Surya Mas Villa #5
Jalan Raya Legian 478
Legian Kaja – Kuta 80361
Bali Indonesia

Re: EEO Case No.: DOS-F-024-05

Dear Mr. Ronk:

Enclosed is the Department of State's Final Agency Decision (Decision) in your above-referenced complaint of employment discrimination based on sex and reprisal.

## APPEAL RIGHTS

If you are dissatisfied with this Decision, pursuant to 29 C.F.R. § 1614.402(a), you may appeal to the Equal Employment Opportunity Commission (Commission) within thirty (30) calendar days of receipt of this Decision. If you do not file an appeal within the prescribed time limits, the appeal will be untimely and shall be dismissed by the Commission.

The appeal of this Decision must be filed with the following:

> Director, Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036

The appeal may be submitted by one of the following means:

Hand Deliver to:

-2-

The agency shall issue a final decision:

a.  within **60** days of receiving notification that a complainant has requested an immediate decision from the agency;

b.  within **60** days of the end of the **30**-day period for a complainant to request a hearing or a final decision where neither a hearing or a decision has been requested;

c.  within **40** days of receiving the findings and conclusions of an administrative judge.

The final decision shall consist of findings by the agency on the merits of each issue in the complaint and, when discrimination is found, appropriate remedies and relief in accordance with Subpart E of 29 C.F.R. § 1614. The final decision shall contain a notice of right to appeal to the Commission, the name and address of the agency official upon whom an appeal shall be served, notice of the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit, and the applicable time limits for appeals and lawsuits. A copy of EEOC 573, Notice of Appeal/Petition, shall be attached to the decision.

## CIVIL ACTION

In lieu of the above, you may elect to file a civil action. A complainant who has filed an individual complaint, an agent who has filed a class complaint, or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under Title VII, the ADEA, and the Rehabilitation Act to file a civil action in an appropriate United States District Court:

a.  Within **90** days of receipt of the final decision on an individual or class complaint if no appeal has been filed;

b.  After **180** days from the date of filing an individual or class complaint if an appeal has not been filed and a final decision has not been issued;

c.  Within **90** days of receipt of the Commission's final decision on an appeal; or

-3-

d.  After **180** days from the date of filing an appeal with the
Commission if there has been no final decision by the
Commission.

The filing of a civil action will terminate further administrative
processing of the complaint.  If you file a private suit subsequent to filing
an appeal, you must notify the EEOC in writing.  Any suit filed must name
the proper defendant.  The proper defendant for a complaint filed against
the Department of State is Condoleezza Rice, Secretary of State.

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

07-1662
HHK

## I (a) PLAINTIFFS

Thomas J. Ronk

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (NIP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

Condoleezza Rice

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01662
Assigned To : Kennedy, Henry
Assign. Date : 9/20/2007
Description: EMPLOY DISCRIM.

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZE.

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 |  |  |  |
|  |  |  | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| □ G. *Habeas Corpus* 2255 | ☒ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☒ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding □ 2 Removed from State Court □ 3 Remanded from Appellate Court □ 4 Reinstated or Reopened □ 5 Transferred from another district (specify) □ Multi district Litigation □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** ☒ YES □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES ☒ NO  If yes, please complete related case form.

DATE 9/20/07  SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.